UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-142-RLV
(5:03-cr-12-RLV-11)

| | |
|---|---|
| ROY LEE REINHARDT,          ) | |
| )                           | |
| Petitioner,                 ) | |
| )                           | |
| vs.                         ) | **ORDER** |
| )                           | |
| UNITED STATES OF AMERICA,   ) | |
| )                           | |
| )                           | |
| Respondent.                 ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on his Supplemental Motion to Vacate, (Doc. No. 4), and on the Government's Response in Support, (Doc. No. 8). Petitioner is represented by Ann L. Hester of the Federal Defenders of Western North Carolina.

I.      BACKGROUND

On February 25, 2003, the Grand Jury for the Western District of North Carolina charged Petitioner Roy Lee Reinhardt with conspiracy to possess with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). (Crim. Case No. 5:03cr12, Doc. No. 3: Indictment). Two days later, the Government filed an Information in accordance with 21 U.S.C. § 851, notifying Petitioner and this Court that the Government intended to seek an enhanced sentence based on Petitioner's prior drug-trafficking convictions. (Id., Doc. No. 13: 21 U.S.C. § 851 Information). Ten months after he was indicted, Petitioner pleaded guilty to the drug-trafficking conspiracy pursuant to a written plea agreement, with the parties stipulating that

1

the quantity of crack cocaine that was reasonably foreseeable to Petitioner was at least 150 but less than 500 grams. (Id., Doc. No. 136 at ¶¶ 1, 3(a): Plea Agreement).

Before sentencing, the probation officer completed a Presentence Report ("PSR") in which the probation officer noted that Petitioner had a 1996 conviction for possession of cocaine, four 1997 convictions for sale or delivery of cocaine, and a 1999 conviction for sale of cocaine. (Id., PSR at ¶¶ 52-54). The judgments corresponding to these convictions reflect that the 1996 conviction was for a Class I felony and Petitioner had a prior record level of II; the 1997 convictions were for Class H felony offenses and Petitioner continued to have a prior record level of II; and the 1999 conviction was for a Class G felony and Petitioner had a prior record level of IV. (Case No. 5:15cv142, Doc. No. 4, Ex. 1-3). The probation officer calculated a total offense level of 34 and a criminal history category of VI, based in part on the determination that Petitioner is a career offender, resulting in an advisory Sentencing Guidelines range of imprisonment of between 262 and 327 months. (Id., PSR at ¶¶ 37; 39; 58; 82). The probation officer also noted that Petitioner faced a statutory mandatory minimum of life in prison, based on the Government's § 851 notice and Petitioner's prior convictions. (Id., PSR at ¶ 81).

Before Petitioner's sentencing hearing, the Government filed a motion for downward departure based on Petitioner's substantial assistance, pursuant to Sentencing Guidelines § 5K1.1 and 28 U.S.C. § 3553(e), requesting that this Court sentence Petitioner to 240 months in prison. (Id., Doc. No. 244 at 3: Motion). This Court ultimately imposed a sentence of 210 months, entering its judgment on July 14, 2004. (Id., Doc. No. 253 at 2: Judgment). Petitioner did not appeal.

On November 30, 2015, Petitioner filed a pro se motion to vacate his sentence, seeking relief based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551

(2015). Seven months later, Petitioner, through counsel, filed a supplement to his motion to vacate, seeking additional relief under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), and arguing that all but one of Petitioner's prior convictions that supported his enhancement under § 841 was not punishable by more than one year in prison and that he should not have been subject to a mandatory minimum term of life in prison. The Government has now responded to the motion to vacate.

**II. STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.   DISCUSSION**

Under 28 U.S.C. § 2255(f)(1), a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, at least as to his Simmons claim, Petitioner did not file the petition within one year of when his conviction became final. Thus, the petition is untimely under § 2255(f)(1) as to Petitioner's Simmons claim.1  As to the untimely Simmons claim, however, the Government states that it is waiving the statute of limitations. Thus, the Court may address the merits of Petitioner's claim.

Section 841 of Title 21 provides for enhanced sentences based on any prior "felony drug

---

[1] As to Petitioner's Johnson claim, the petition is timely because Petitioner raised this claim within one year of the decision in Johnson. See 28 U.S.C. § 2255(f)(3).

offense." That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, under Simmons, for purposes of a qualifying predicate conviction under Section 841(b)(1), a predicate conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

Here, this Court enhanced Petitioner's sentence based on his prior convictions for sale and delivery of cocaine and for possession of cocaine, all under North Carolina General Statutes § 90-95(a). Although Petitioner received a sentence of 16 to 20 months in prison for his 1999 conviction, the highest sentence he could have received for any of his other prior drug-trafficking convictions was 10 months. See N.C. GEN. STAT. § 15A-1340.17(c) and (d) (1997) (providing for a maximum sentence of 10 months in prison upon conviction for a Class H felony with a prior record level of II without any findings of aggravation). Accordingly, with the exception of his 1999 conviction, Petitioner could not have received a sentence of more than one year in prison based on these convictions under North Carolina law. Therefore, although Jones and Harp were still good law when this Court sentenced Petitioner, Simmons has made clear that only one of Petitioner's prior convictions was for a "felony drug offense" for purposes of 21

4

U.S.C. § 841(b)(1), because they were not punishable by more than one year in prison. Based on that single prior conviction for a felony drug offense, Petitioner would have faced a statutory mandatory minimum term of 240 months in prison, rather than life in prison. See 21 U.S.C. § 841(b)(1).

With respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the due process clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. Here, the Government's motion for downward departure recommended a sentence of 240 months in prison, reduced from an otherwise-applicable term of life. The Government states in its response that had Petitioner faced a mandatory minimum term of 240 months in prison, any motion for a downward departure based on Petitioner's substantial assistance would have recommended a sentence below 240 months. The Government further asserts that, in light of the Government's assessment of the value of Petitioner's substantial assistance as well more than 30 months, this Court would likely have granted that motion and imposed a sentence below the 210-month sentence Petitioner received. The Government's motion for downward departure permitted this Court to sentence below the properly applied mandatory minimum of 240 months, but this Court's discretion to depart downward was limited to the value of Petitioner's substantial assistance. See United States v. Spinks, 770 F.3d 285, 290 (4th Cir. 2014). The Government has therefore conceded in its response that, because the application of the mandatory life minimum deprived this Court of discretion and because, without application of the mandatory minimum, this Court may well have sentenced Petitioner to a sentence below 210 months, Petitioner was sentenced in violation of the due process clause as established in Hicks.

In sum, because the Government has expressly waived the one-year limitations period as to Petitioner's Simmons claim and has requested that this Court resentence Petitioner, this Court will grant the motion to vacate, and Petitioner shall be resentenced without application of the mandatory sentence of life. Finally, as to Petitioner's Johnson claim, the Government has stated in its response that since it has conceded that Petitioner is entitled to be resentenced based on Simmons relief, the Government declines at this time to address Petitioner's Johnson claim, as that claim may be addressed by the Court at Petitioner's resentencing. See (Doc. No. 8 at 9 n.1). The Court agrees that Petitioner's additional Johnson claim may be addressed at Petitioner's resentencing.

IV. **CONCLUSION**

For the reasons stated herein, the Court grants Petitioner's motion to vacate, and Petitioner shall be resentenced in accordance with this order.

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. Nos. 1; 4), is **GRANTED;** and Petitioner shall be resentenced in accordance with this Order.

(2) The Clerk shall terminate as no longer pending the "Supplemental Motion to Vacate," which is designated as a pending motion in Docket No. 4.

Signed: September 21, 2016

Richard L. Voorhees
United States District Judge